IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY E. HAMILTON, | : | CIVIL ACTION NO. **3:CV-10-1494** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| GENERAL SERVICES ADMINISTRATION, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I. Background.**

On July 20, 2010, Plaintiff, Harry E. Hamilton, proceeding *pro se*, filed this action pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. § 2611. (Doc. 1). Plaintiff paid the filing fee.

On September 29, 2010, more than sixty (60) days having elapsed since the filing of the Complaint and no proof of service having been filed, the Court issued an Order directing Plaintiff to file a report on the status of service of the Complaint within ten (10) days of the date thereof. (Doc. 2). Plaintiff filed a Status Report on October 13, 2010. (Doc. 3). Plaintiff's status report merely stated that he sent the waiver of service summons to the United States Attorney and to the General Services Administration by mail on October 8, 2010, upon his receipt of the Doc. 2 Order.

In response to the Plaintiff's Status Report, Assistant United States Attorney Melissa Swauger sent correspondence to Plaintiff informing him in detail of the proper procedure to effect service of the Summons and Complaint upon Defendants, an agency of the United States (GSA), two

federal employees of GSA, and the United States. (Doc. 4).

To date, more than one hundred and twenty (120) days have elapsed since this case was commenced, and Plaintiff has failed to properly effect service of his Complaint on Defendants despite this Court's Order directing Plaintiff to provide a status on service and despite the letter from AUSA Swauger advising Plaintiff how to complete service on Defendants.

**II. Discussion.**

The time in which Plaintiff was to have properly effected service of his Complaint upon Defendant has expired. We *sua sponte* gave the *pro se* Plaintiff an additional nine (9) days to serve his Complaint upon Defendants.[1] Plaintiff has not served his Complaint upon Defendants despite being advised how to serve them. Plaintiff's case, which was filed over four (4) months ago, cannot proceed in light of Plaintiff's failure to serve Defendants.

*Pro se* litigants, such as Plaintiff, are accorded substantial deference in federal court. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Hughes v. Rowe*, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure.

As stated, we gave Plaintiff an extension of time to serve Defendants, and he failed to do so. Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or order of court, . . ." (emphasis added). In the instant case, Plaintiff has failed to prosecute his action by his failure to timely serve his Complaint upon Defendants. We shall recommend that this case be dismissed without prejudice due to Plaintiff's

---

[1]We note that the Summons was issued on July 20, 2010, and that more than 120 days have passed since this date, without service completed on Defendants.

failure to prosecute it. Plaintiff should be deemed as abandoning his action. *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Even though we find that Plaintiff's conduct shows that he intended to abandon his case, we still perform an analysis of the factors outlined by the Court in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.3d 863, 868 (3d Cir. 1984), before recommending that this case be dismissed under Rule 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990)(the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case); *Shuey v. Schwab*, 2009 WL 3601202 (3d Cir.) (Third Circuit Court found District Court erred by granting Defendant's motion to dismiss without first considering the *Poulis* factors).

Plaintiff has, despite this Court's inquiry about service and despite AUSA Swauger's letter, failed to properly serve his Complaint, which was filed on July 20, 2010, upon the four named Defendants. The behavior of Plaintiff constitutes a wilful failure to prosecute his case, as opposed to a situation in which he has had problems in pursuing his case but made efforts to comply with serving Defendants. Plaintiff has not filed any document with this Court since his October 3, 2010 Status Report regarding service (Doc. 3), and he has not requested more time to serve Defendants or explained why he has failed to accomplish service within the allotted time. We find that Plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007). *See Leininger v. Twoton, Inc.*, 2009 WL 1363386 (M.D. Pa.).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> the factors set forth in *Poulis v. State Farm Fire & Casualty Co.,* 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Poulis,* 747 F.2d at 868.
>
> We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis,* and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. Her inaction points to no other logical conclusion.

*Id*.

Thus, as directed by the Court in *Shuey*, we also analyze the *Poulis* factors. We find that Plaintiff's stated conduct in delaying his case to be attributable to him personally. Plaintiff filed his action on July 20, 2010. Summons was promptly issued in this case on July 20, 2010. Plaintiff was required to have effected service of his Complaint upon Defendants within one hundred twenty (120) days after he filed his Complaint. As mentioned, we *sua sponte* afforded Plaintiff additional time within which to serve his Complaint.

We find that Plaintiff has caused prejudice to Defendants since they have been named in a federal lawsuit and no action, including service of a proper pleading, has been made on them to

4

date, over four (4) months after Plaintiff filed his action. Plaintiff has history of dilatoriness in this case since we first advised Plaintiff about his failure to serve Defendants on September 29, 2010. (Doc. 2). Also, Plaintiff's continued conduct in failing to prosecute his case and in failing to explain why he has not served Defendants is further evidence of dilatoriness, especially since this case cannot proceed without serving Defendants.

Based on our discussion above, we find that the conduct of Plaintiff is wilful.

Plaintiff was advised over one month ago how to serve Defendants. (Doc. 4). As stated, this case cannot proceed without Plaintiff serving Defendants. Since we will recommend that Plaintiff's case be dismissed without prejudice, we find that other sanctions would not be effective in this case.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that Plaintiff's conduct in failing to serve Defendants demonstrates he has abandoned his case.

Moreover, we will recommend that Plaintiff's case be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

As the Court stated in *Banks v. One or More Unknown Named Confidential Informants of Federal,* 2008 WL 2563355, *1, n.1 (M.D. Pa.):

> Federal Rule of Civil Procedure 4(m) requires that service of a summons and complaint be effectuated upon each defendant "within 120 days after the filing of the complaint." The rule further provides that, if such service is not completed, the court must "dismiss the action without prejudice as to that defendant." Fed. R. Civ. P. 4(m).
>
> In the instant case, Banks is not responsible to effectuate service personally because he is proceeding *in forma pauperis*. ( *See* Doc. 10); *see also* 28 U.S.C. § 1915(c) (stating that "the officers of the court shall issue and serve all process" when the plaintiff is proceeding *in forma pauperis* ).

> Nevertheless, Banks is responsible to identify the parties named as defendants in order to permit the United States Marshal to effectuate service within the time limit proscribed by Federal Rule of Civil Procedure 4(m). *See Okagbue v. Ojekwe v. Federal Bureau of Prisons,* No. 03-2035, 2007 WL 4570075, at *3 (D.N.J. Dec.26, 2007) (stating that a prisoner must "furnish[ ] the Marshal with the necessary information to effect service" before asserting that service defects should be excused for "good cause"); *Goodwin v. LA Weight Loss Centers, Inc.,* No. 99-6339, 2001 WL 34387933, at *1 (E.D.Pa.2001) ( *"As long as the plaintiff provides adequate information to identify the party to be served,* a complaint should not be dismissed under Rule 4(m) for the Marshals Service's failure to effectuate proper service." (emphasis added)). As of the date of this memorandum and order, Banks has failed to provide sufficient identifying information to permit service upon the unknown named defendants ( *see* Doc. 48), and far greater than 120 days have passed since the court directed service of the amended complaint on September 13, 2007 ( *see* Doc. 46). Accordingly, the court must dismiss without prejudice all claims against the unknown named defendants. See Fed. R. Civ. P. 4(m).

*See also Phillips v. Miller*, 2010 WL 771793, *1 & *6 (M.D. Pa.).

More than 120 days have passed since Plaintiff filed his Complaint, and to date, Plaintiff has not served Defendants with the Summons and his Complaint despite being advised of his failure to serve Defendants. Plaintiff was given additional time to serve Defendants, and he failed to do so or explain why he could not serve Defendants. Since Plaintiff has not effectuated service on Defendants of his July 20, 2010 Complaint, and since he has not shown good cause for his failure to do so, we will recommend that Defendants be dismissed without prejudice under Rule 4(m). *See Phillips v. Miller*, 2010 WL 771793, *6.

**III. Recommendation.**

Based on the foregoing, it is respectfully recommended that the action be dismissed without prejudice on the basis of Plaintiff's failure to prosecute his action. Further, it is recommended that Plaintiff's case be dismissed without prejudice as against Defendants pursuant to Rule 4(m).

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 1, 2010**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HARRY E. HAMILTON, | : | CIVIL ACTION NO. **3:CV-10-1494** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| GENERAL SERVICES ADMINISTRATION, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **December 1, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within fourteen (14)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the
magistrate judge, making his or her own determination on the basis

of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                              **s/ Thomas M. Blewitt**
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

**Dated: December 1, 2010**